

F I L E D

APR 1 3 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

CURTIS L. McCOY,

     Plaintiff,

v.                                        Civil Action No. **3:08cv555**

CAPTAIN ROBINSON, *et al.*,

     Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se,* filed this action. The action is proceeding

on Plaintiff's Amended Complaint (Docket No. 32), wherein he alleges that his rights under the

Eighth Amendment[1] were violated by Captain Robinson,[2] Nurse Gaines, Sheriff C.T. Woody,

and Deputy Davis while Plaintiff was confined in the Richmond City Jail ("the Jail").

Specifically, Plaintiff contends that he is entitled to relief upon the following grounds:

| | | |
|---|---|---|
| Claim 1 | Captain Robinson failed to provide Plaintiff with adequate medical care for a "staph infection 'MSRA Cellulitis.'" (Am. Compl. 2.)[3] | |
| Claim 2 | Nurse Gaines failed to provide Plaintiff with adequate medical care for a "staph infection 'MSRA Cellulitis.'" (Am. Compl. 2.) | |
| Claim 3 | Deputy Davis failed to ensure that Plaintiff received adequate medical care for a "staph infection 'MSRA Cellulitis.'" (Am. Compl. 2.) | |

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[2] Captain Robinson is the Manager of Medical Services at the Jail.

[3] Because Plaintiff did not number the pages of his Amended Complaint, the Court will utilize the page numbers assigned to the Amended Complaint by the Court's CM/ECF system. The Court has corrected the capitalization in the quotations to the Amended Complaint.

| Claim 4 | (a) | Sheriff Woody is liable for the inadequate medical care Plaintiff received at the hands of Deputy Davis, Captain Robinson, and Nurse Gaines. |
| | (b) | Sheriff Woody failed to provide Plaintiff with a clean and sanitary living environment and failed to maintain adequate sanitary standards with respect to the Jail's barber. |

By Memorandum Opinion and Order entered on September 22, 2010, the Court granted the motions for summary judgment filed by Woody, Robinson, and Davis and dismissed claims 1, 3, 4(a) and 4(b). The matter is before the Court on Nurse Gaines's Motion to Dismiss, Nurse Gaines's Motion to Stay Discovery, and Plaintiff's letter motion for an extension of time to respond to Nurse Gaines's motions.

## I. THE MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

2

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

### A.    Summary of Pertinent Allegations

In October of 2007, Plaintiff was confined in the Jail. Shortly after receiving a haircut by the Jail barber, "Plaintiff began complaining to the Medical Department about severe headaches." (Am. Compl. 5.)

> For approximately two (2) [weeks Plaintiff] sought medical attention, via, medical request forms to see the City Jail doctor. On the morning of Oct. 18, 2007, [Plaintiff] complained to Nurse Gaines while her and Capt. Robinson were completing a walk-through. [Plaintiff] complained of severe migraines, and while there was much swelling above his left eye, along with a huge boil, Capt. Robinson simply told Nurse Gaines to give Plaintiff five (5) alcohol pads. However, Nurse Gaines informed

Plaintiff he had "foliclitis" (unsure of correct spelling). Nurse Gaines then [told] Plaintiff to keep a hot rag on his head and bring the boil to a head.

(*Id.* at 5–6.) Plantiff further alleges, "Defendant Nurse Gaines knew Plaintiff's condition was serious, as his face was swollen beyond recognition, but proceeded in providing him with inadequate treatment." (*Id.* at 11.) Also on October 18, 2007, "while a Nurse Brown was issuing medication to inmates, Plaintiff approached her in tears. When she saw that Plaintiff's face was immensely swollen she had him immediately taken to the Medical Department, where[] [he] was prescribed Bactrum and Tylenol, and an antibiotic pain reliever." (*Id.* at 6–7.)

"[O]n Oct. 19, 2007, Plaintiff complained to Dpty. Mayo, who upon seeing [Plaintiff's] terrible condition, stated he would go to medical and inform them." (*Id.* at 7.) Subsequently, Dr. Furman examined Plaintiff and "told the medical staff Plaintiff needed to be admitted to MCV [(the Medical College of Virgnia)], immediately." (*Id.* at 7.) Shortly thereafter, Plaintiff overheard a discussion between Nurse Gaines, Deputy Davis, and Captain Robinson wherein Captain Robinson told Nurse Gaines that "she wouldn't lose her job over this." (*Id.*) Plaintiff was taken to MCV.

> At MCV, Plaintiff was diagnosed with MRSA. He also received morp[h]ine injections and five different types of antibiotics, both intravenously and orally. Plaintiff received two CAT scans and was stuck in both arms with needles that have left permanent scarring, as well as a scar on his forehead where he was cut with [a] scalpel to let the infection drain. . . . Plaintiff spent four long days at MCV. During this time, Plaintiff's blood pressure became alarmingly high and his white blood cell count dropped.

(*Id.* at 8.) "The doctor said if Capt. Robinson would have waited one more day Plaintiff would have possibly died due to a head infection." (*Id.* at 12.) Subsequent to his release from MCV,

Plaintiff "learned that he now have vision of 20/25, when he had 20/20 vision before this infection." (*Id.* at 8–9.)

## B. Analysis

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (*quoting Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle*, 429 U.S. at 105-06). Deliberate indifference requires the plaintiff to allege facts that suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is

5

insufficient to state a cognizable constitutional claim, much less demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). *Cf. Estelle*, 429 U.S. at 104 n.10 (quoting *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974), for the proposition that a "doctor's choosing the 'easier and less efficacious treatment' of throwing away the prisoner's ear and stitching the stump may be attributable to 'deliberate indifference . . . rather than an exercise of professional judgment'" (alteration in original)).

Gaines does not contest that Plaintiff had a serious medical need. Rather, she contends that Plaintiff fails to demonstrate that she acted with deliberate indifference. Gaines argues, "McCoy . . . fails to introduce evidence that Nurse Gaines actually believed that his infection was so serious that it posed a substantial risk to his health or required that he be seen by a physician immediately." (Mem. Supp. Mot. Dismiss 3–4.) Contrary to Defendant Gaines's argument, on a motion to dismiss, a plaintiff is not required to introduce any evidence.[4] Moreover, the allegations of the Amended Complaint plausibly suggest that Gaines acted with deliberate indifference to Plaintiff's infection.

When Plaintiff encountered Gaines on October 18, 2007, he told her he had "severe migraines." (Am. Comp. 6.) Furthermore, at that time Plaintiff had a "huge boil" over his left eye and his "face was swollen beyond recognition." (*Id.* at 6, 11.) The only treatment Gaines provided was several alcohol pads and directions to bring the boil to a head. Gaines fails to explain how such treatment sought to address the swelling over the rest of Plaintiff's face or his

---

[4] None of the cases cited by Gaines to support her position that Plaintiff has not demonstrated deliberate indifference speak to what a plaintiff must plead. Rather, they pertain to what a plaintiff must offer in the way of proof in order to survive summary judgment.

migraine headaches. *See Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989) ("When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." (*citing Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985); *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978))); *see also Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (noting the provision of some medical treatment does not extinguish any Eighth Amendment claims based on inadequate medical treatment). While Gaines may ultimately prove that she misdiagnosed Plaintiff's ailments, the cursory level of her initial examination of Plaintiff in the face of his serious condition is sufficient to support an inference that she acted recklessly. *See Farmer*, 511 U.S. at 836 (observing that "deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk"); *see also id.* at 843 n.8 (observing that prison official "would not escape liability if . . . he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist"); *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009). Furthermore, the allegations of the Amended Complaint are sufficient to suggest that the delay in sending Plaintiff to the hospital caused him substantial pain and resulted in some loss of visual acuity. *See Webb v. Hamidullah*, 281 F. App'x 159, 166-67 n.13 (4th Cir. 2008) (explaining that where an Eighth Amendment claim is predicated on a delay in the provision of medical care, the plaintiff must demonstrate "'that the delay resulted in substantial harm'" (*quoting Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000))). Accordingly, Gaines's Motion to Dismiss (Docket No. 124) will be DENIED.

## II. OUTSTANDING MOTIONS

In her Motion to Stay Discovery, Gaines requests that the Court stay discovery until the Court rules on her Motion to Dismiss. In light of the denial of the Motion to Dismiss, Gaines's

Motion to Stay Discovery (Docket No. 148) will be DENIED AS MOOT. Plaintiff submitted a letter wherein he requested an extension of time to file a reply to the Motion to Dismiss and Motion to Stay Discovery. Plaintiff's letter motion for an extension of time (Docket No. 150) will be DENIED AS MOOT. Any party wishing to file a dispositive motion, should do so within sixty (60) days of the date of entry hereof.

An appropriate Order shall issue.

Date: 4-13-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge